1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Penny White,                        )
                                          )
10                        Plaintiff,      )        CV-07-2202 PHX-DGC
                                          )
11          v                             )
                                          )
12   Michael J. Astrue, Commissioner of   )        **ORDER**
     Social Security Administration,      )
13                                        )
                                          )
14                        Defendant.      )
                                          )
15   _____  )

16          Plaintiff Penny White has filed a motion for summary judgment challenging the denial

17   of her claim for social security disability insurance benefits.  Dkt. #12.  Defendant, the

18   Commissioner of the Social Security Administration, has filed a cross-motion.  Dkt. #17.

19   The Court will grant Plaintiff's motion, deny Defendant's motion, and remand for further

20   proceedings.

21   **I.     Background.**

22          On July 30, 2003, Plaintiff applied for social security benefits.  Tr. 47-49.[1]  The claim

23   was denied, both initially and on reconsideration.  Tr. 29-32, 35-38.  On November 28, 2005,

24   a hearing was held before an Administrative Law Judge ("ALJ").  Tr. 434-457.   On

25   January 23, 2006, the ALJ issued a decision unfavorable to Plaintiff.  Tr. 331-339.   On

26   July 21, 2006, the Appeals Council vacated the decision and remanded the case for further

27   _____

28          [1]"Tr." refers to the Administrative Transcript.

1   proceedings.  Tr. 343-347.  On September 26, 2006, a different ALJ held a supplemental
2   hearing.  Tr. 458-482.  On January 24, 2007, the second ALJ found that Plaintiff was not
3   disabled within the meaning of the Social Security Act.  Tr. 12-23.  The Appeals Council
4   denied review (Tr. 7-9), thereby rendering the second ALJ's ruling the final decision of the
5   Commissioner.

6   **II.    Standard of Review.**

7          A court's role in reviewing the Commissioner's disability determination is limited.
8   *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).  A court must affirm the
9   Commissioner's decision to deny benefits unless "it is not supported by substantial evidence
10  or is based on legal error."  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).
11  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Reddick*
12  *v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998).  It is such relevant evidence as a reasonable
13  mind might accept as adequate to support a conclusion.  *Id.*  In assessing whether the
14  decision is supported by substantial evidence, a court cannot affirm the decision "simply by
15  isolating a specific quantum of supporting evidence."  *Day v. Weinberger*, 522 F.2d 1154,
16  1156 (9th Cir. 1975).  The court must consider the record as a whole, weighing the evidence
17  that supports and does not support the decision.  *Reddick*, 157 F.3d at 720.

18  **III.   Discussion.**

19         The Court is to address only those issues raised by the claimant in her appeal.  *See*
20  *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  Plaintiff first alleges that the ALJ
21  improperly rejected her pain complaints as exaggerated. Dkt. #12.  "Pain of sufficient
22  severity caused by a medically diagnosed 'anatomical, physiological, or psychological
23  abnormality' may provide the basis for determining that a claimant is disabled."  *Light v. Soc.*
24  *Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (citing 42 U.S.C. § 423(d)(5)(A)).  "Once a
25  claimant produces objective medical evidence of an underlying impairment, an ALJ may not
26  reject a claimant's subjective complaints based solely on lack of objective medical evidence
27  to fully corroborate the alleged severity of pain."  *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th
28  Cir. 2004) (citation and alterations omitted).  Here, it is undisputed that Plaintiff had certain

1   underlying impairments.  *See* Tr. 17 (ALJ identifying Plaintiff's impairments as a

2   "degenerative disk disorder, chronic pain, rheumatoid arthritis, fibromyalgia, and

3   anxiety[.]").  Treating and examining physicians confirmed the existence of pain associated

4   with these impairments. *See, e.g.*, Tr. 278 (disk herniation), Tr. 135-36, 179, 183 (pain), Tr.

5   170 (rheumatoid arthritis), Tr. 111-12 (fibromylagia), Tr. 296 (anxiety).

6       "If the ALJ finds that the claimant's testimony as to the severity of her pain and

7   impairments is unreliable, the ALJ must make a credibility determination with findings

8   sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit

9   claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). "In the

10  absence of evidence that [the claimant] is malingering, the ALJ's reasons for rejecting [her]

11  testimony must be clear and convincing." *Greger*, 464 F.3d at 972 (internal quotes and

12  citation omitted).

13      Here, the ALJ, without citation to any specific testimony, states that "the claimant's

14  statements concerning the intensity, persistence and limiting effects of [her] symptoms are

15  not entirely credible." Tr. 21. "Specifically," he continues, "the claimant's testimony

16  appeared exaggerated in comparison with the objective medical evidence and record as a

17  whole." *Id*.  These conclusory findings are insufficient to discredit Plaintiff's pain testimony.

18  The ALJ apparently relied on comparisons between Plaintiff's testimony and the objective

19  medical evidence, but he did not provide specific findings that the Court could review to

20  determine whether he arbitrarily discredited Plaintiff's testimony. *See Thomas,* 278 F.3d at

21  958-59.  Nor can his conclusory statements be viewed as clear and convincing. *See Greger*,

22  464 F.3d at 972.

23      Where the Commissioner fails to articulate sufficient reasons for refusing to credit a

24  claimant's subjective pain testimony, the Commissioner, as a matter of law, has accepted that

25  testimony as true. *Varney v. Sec'y of Health and Human Serv.*, 859 F.2d 1396, 1401 (9th Cir.

26  1988) (adopting the 11th Circuit's "credit as true" practice as set forth in *Hale v. Bowen*, 831

27

28

1   F.2d 1007, 1012 (11th Cir.1987)).[2]  Plaintiff testified that, among other things, she is unable

2   to get dressed on bad days (Tr. 465), can walk for thirty minutes and stand for fifteen before

3   needing to sit down (Tr. 467), cannot lift milk on some days (Tr. 468), cannot lift twenty

4   pounds (*id*.), has difficulty bending and stooping (*id*.), can squat some and kneel (*id*.), can

5   take care of her house with help (Tr. 469), can drive some days (Tr. 470), has crying spells

6   (*id*.), has "constant" pain (Tr. 471), rests and takes naps on a daily basis (Tr. 472), and has

7   daily abdominal pain (Tr. 473).  The ALJ specifically asked the vocational expert whether,

8   "find[ing] the testimony of the claimant credible, would there would be jobs in the national

9   economy for such a person?"  Tr. 478.  The VE responded "No."  *Id*.

10          Plaintiff's testimony, when credited as true, appears to support a finding that Plaintiff

11  was eligible for disability benefits around the time of her second administrative hearing.  But

12  even accepting Plaintiff's testimony as true, it does not establish whether she had a disabling

13  condition for the requisite statutory period.  *See* 42 U.S.C. § 423 (d)(1)(A) (noting that

14  a "disability" under the Social Security Act is one "which can be expected to result in death

15  or which has lasted or can be expected to last for a continuous period of not less than 12

16  months.").  "The date at which [claimant's] disability began will determine whether [s]he is

17  eligible for [benefits] and the amount . . . to which [s]he is entitled."  *Regennitter v. Comm'r*

18  *of Soc. Sec. Admin.*, 166 F.3d 1294, 1300 (9th Cir. 1999).  The resolution of this factual issue

19  requires further agency action.  *See id*. (remanding specifically for this purpose); *see also*

20  *Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir.1982) (assessing the "validity of medical

21  opinion offered" is a "function . . . uniquely within the ambit of the ALJ[.]").  The Court

22

23

24          [2]In *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003), a three-judge panel declined
    to apply the "credit as true" doctrine. Dkt. #26 at 7 n.1 (citing *Connett*, 340 F.3d at 876).

25  Although this Court would be inclined to agree with *Connett*'s approach, the overwhelming
    authority in this Circuit makes clear that the "credit as true" doctrine is mandatory.  Until an

26  *en banc* panel reverses course, this Court must follow *Varney* and its progeny.  *See Miller*
    *v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (holding that neither a district court nor a

27  three-judge panel may overrule a prior decision of the court unless it has been "undercut by

28  higher authority to such an extent that it has been effectively overruled").

therefore will remand this case to the Commissioner for resolution of this issue, and for an ultimate disposition consistent with this opinion. *See Regennitter*, 166 F.3d at 1300.[3]

**IT IS ORDERED:**

1.      Plaintiff's motion for summary judgment (Dkt. #12) is **granted**.

2.      Defendant's cross-motion for summary judgment (Dkt. #17) is **denied**.

3.      Defendant's administrative decision is **vacated** and **remanded**.

DATED this 1st day of July, 2008.

_____
David G. Campbell
United States District Judge

---

[3] Because the Court finds remand appropriate in light of the ALJ's improper rejection of Plaintiff's pain testimony, the Court need not address Plaintiff's other argument.